IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-20020-01-DDC |
| STEPHENIE STITES (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Stephenie Stites has filed a pro se[1] Motion for Compassionate Release (Doc. 43). The government filed a Response (Doc. 51), opposing Ms. Stites's request. Ms. Stites hasn't replied, and the time to do so has passed. For reasons explained below, the court denies Ms. Stites's motion. It begins with relevant background.

**I.   Background**

On June 6, 2022, Ms. Stites pleaded guilty to bank fraud, violating 18 U.S.C. § 1344. Doc. 10. And on January 19, 2023, the court sentenced Ms. Stites to 33 months' imprisonment and four years of supervised release. Doc. 26 at 1–2. Ms. Stites's projected good time release date is November 26, 2024, about five months from now. *See* Stephenie Stites (Reg. No. 04640-510), https://www.bop.gov/inmateloc/ (last visited July 15, 2024).

---

[1]   People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On September 12, 2023, Ms. Stites filed a Motion for Compassionate Release.  Doc. 43.  Ms. Stites filed this motion shortly after the death of her parents that same year—her mother passed away in March and her father in August—and states that as her parents' only living child, she must attend to a "list of responsibilities[.]"  *Id.*  Specifically, Ms. Stites requests to complete the remainder of her sentence on home confinement to investigate the death of her parents, make funeral arrangements for her father's death, tend to autopsy reports and death records, oversee the will's execution, and manage disbursement of the property.  *Id.*  Ms. Stites also provides that she has made efforts to rehabilitate while incarcerated.  *Id.*  Indeed, Ms. Stites submitted records of programs she's completed while incarcerated.  *See* Doc 43-1 at 1–4.

With this background in mind, the court now recites the law governing motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and then applies it to Ms. Stites's request.

## II.        Compassionate Release Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  Even after it has imposed a term of imprisonment, the court may modify that term

> upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement, our Circuit later held, is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Aside from this exhaustion requirement, the court applies a three-step analysis to the substance of compassionate release motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if it:

1. finds that extraordinary and compelling reasons warrant such a reduction;
2. finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
3. considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable.

*Id.*; *see also United States v. Wesley*, 60 F.4th 1277, 1282 (10th Cir. 2023). Relief may "be granted only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The court now applies this governing standard to Ms. Stites's motion.

### III.    Compassionate Release Analysis

As a threshold matter, the court decides whether Ms. Stites has exhausted her administrative remedies. To modify a sentence on "motion of the defendant[,]" the court may do so only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf[.]" 18 U.S.C. § 3582(c)(1)(A).

Here, Ms. Stites fails to show that she's exhausted her administrative remedies. Indeed, her motion never mentions administrative remedies or her pursuit of them. *See* Doc. 43. And even if she had requested the BOP to bring a motion on her behalf, she failed to attach the relevant paperwork showing this request. *See United States v. Fulton*, No. 16-40059-02-DDC, 2020 WL 2836994, at *2 (D. Kan. June 1, 2020) (denying a defendant's compassionate release motion for failure to exhaust when defendant claimed he filed a request with his warden and was

denied but failed to attach the purported denial to his motion). And the government asserts that no request to the warden from Ms. Stites exists in records supplied by the BOP. Doc. 51 at 3.

Because Ms. Stites has not shown that she has exhausted her administrative remedies, the court denies her motion. Ms. Stites bears the burden to show that she's exhausted her administrative remedies. *United States v. Clark*, No. 1:22-cr-00374-KWR-1, 2023 WL 6847539, at *2 (D.N.M. Oct. 17, 2023) (citing *Hemmelgarn*, 15 F.4th at 1029). She's failed to shoulder that burden here.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Stephenie Stites's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 43) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2024, at Kansas City, Kansas.**

>                                        **s/ Daniel D. Crabtree**
>                                        **Daniel D. Crabtree**
>                                        **United States District Judge**